Keith Allen PASCHAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00074–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 26, 2000.
Decided Nov. 3, 2000.

Kaylin D. Kluge, Texarkana, for appellant.

Nicole Habersang, Asst. Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Keith Allen Paschal appeals from a jury conviction for aggravated assault against Willie Gellington by pushing Gellington from a second-story balcony. Paschal contends the trial court abused its discretion by admitting into evidence four notes written by him to his former girlfriend. He also contends the evidence is legally insufficient to support the verdict.

*Admission of the Notes*

Paschal contends the trial court abused its discretion by admitting into evidence four notes he wrote to Denise Mack, his former girlfriend. He contends that introduction of these notes violated several provisions of the Texas Rules of Evidence because the notes (1) were irrelevant to whether he committed the crime of aggravated assault against Gellington, in violation of Rules 401 and 402; (2) were more prejudicial than probative in violation of Rule 403; and (3) were evidence of other crimes or bad acts constituting impermissible character evidence in violation of Rule 404(b). TEX .R.EVID. 401, 402, 403, and 404.

The question of relevance of evidence should be left largely to the trial court relying on its own observations and experience, and will not be reversed absent abuse of discretion. *Goff v. State*, 931 S.W.2d 537, 553 (Tex.Crim.App.1996). We will not disturb a ruling that is within the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim.App.2000); *Sandoval v. State*, 17 S.W.3d 792, 795 (Tex.App.—Austin 2000, no pet. h.). Relevant evidence is evidence that has a tendency to make the existence of any fact of consequence to the determination of an action more or less probable than it would be without the evidence. Tex.R.Evid. 401; *Montgomery v. State*, 810 S.W.2d 372, 376 (Tex.Crim.App.1990); *Long v. State*, 10 S.W.3d 389, 396 (Tex. App.—Texarkana 2000, pet. ref'd). The Texas Rules of Evidence further provide that relevant evidence is generally admissible and irrelevant evidence is generally inadmissible. Tex.R.Evid. 402.

The admitted notes tend to show that Paschal harbored anger and resentment over his breakup with Mack and had a continuing jealous obsession with her. The four notes express such divergent ideas as hatred and disgust toward Mack, a desire to work things out with Mack, and hopes of vengeance on Mack. One note in particular expresses Paschal's anger and jealousy that Mack may have been involved with another man (not the victim in this case). The State contends, and the trial court could reasonably have believed, the content of the notes is relevant to provide a motive for Paschal's actions and to show his intent to cause Gellington serious bodily injury upon finding him in Mack's apartment.

The notes were not too remote in time to be probative. To the contrary, the notes can provide a proper basis from which to draw conclusions as to Paschal's state of mind. Although they were variously delivered from one to four months prior to the commission of the assault, they must be viewed in the context of Mack's trial testimony that, despite her having asked him not to, Paschal continued to telephone her and appear uninvited at her home up until and on the day of the assault.

The trial judge was within the zone within which reasonable persons could disagree in finding that reasonable jurors could conclude the notes altered the probability that Paschal had a motive to assault Gellington and acted with intent to cause him serious bodily harm upon finding him in Mack's apartment. Accordingly, we will not disturb the trial court's finding of relevance; the notes were properly admitted under Rule 402.

Paschal next contends that introduction of the notes violated Rule 403 because they were more prejudicial than probative. Once a trial court has ruled that evidence is relevant, the opponent of the evidence is required to make a separate Rule 403 objection to raise unfair prejudice. *Bell v. State*, 938 S.W.2d 35, 49 (Tex.Crim.App.1996). In the absence of such an objection, the issue is not preserved for appeal. *Id.* Paschal's only objection to the evidence at trial was based on relevance; he did not preserve this issue for our review.

Paschal finally contends in this point of error that the notes were evidence of other crimes or bad acts constituting impermissible character evidence in violation of Rule 404(b). We are bound by recent Court of Criminal Appeals case law holding that a relevancy objection is not sufficient to preserve Rule 404(b) error. *Medina v. State*, 7 S.W.3d 633, 634 (Tex.Crim.App.1999).[1]

---

1. This ruling in *Medina* is predicated on a 1993 case that wholly ignores controlling 1990 precedent, prompting the dissenting justice to lament, "[w]e set a bad example for the courts of appeals when we treat our own rules and precedents so cavalierly." *Camacho v. State*, 864 S.W.2d 524, 539 (Tex.Crim. App.1993) (Clinton, J., dissenting). Moreover, the Court of Criminal Appeals in *Medina* fails to discuss Texas Rule of Evidence

We therefore find that Paschal did not preserve error on this issue.

*Sufficiency of the Evidence*

■ In his second point of error, Paschal asserts there was insufficient evidence to convict him of the crime of aggravated assault. Where the points of error do not specify whether appellant complains of factual or legal insufficiency, we consider both the wording of the points of error and the supporting argument to determine the intent of the party. *See Anderson v. Gilbert,* 897 S.W.2d 783, 784 (Tex.1995); *Stephenson v. LeBoeuf,* 16 S.W.3d 829, 844 (Tex.App.—Houston [14th Dist.] 2000, no pet. h.). While Paschal's stated point of error is ambiguous, his argument thereunder focuses entirely on standards applicable only to legal sufficiency grounds. Nowhere in his brief does he request that this court review the factual sufficiency of the evidence, mention the standard of review applicable to factual sufficiency, or cite cases concerning factual sufficiency. By making a global sufficiency of the evidence point and citing only legal sufficiency standards, appellant attacks only the legal sufficiency of the evidence in his point of error number two. *Chaloupka v. State,* 20 S.W.3d 172, 173 (Tex.App.—Texarkana 2000, pet. ref'd).

■ In reviewing the evidence for legal sufficiency, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Rojas v. State,* 986 S.W.2d 241, 246–47 (Tex.Crim.App.1998). We do so whether the case was proven by direct or circumstantial evidence. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984); *Chaloupka,* 20 S.W.3d at 174.

■ Paschal relies on the reasonable hypothesis rule, citing several Court of Criminal Appeals cases holding that a conviction based on circumstantial evidence cannot be sustained on legal sufficiency grounds if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant. *See Humason v. State,* 728 S.W.2d 363, 366 (Tex.Crim.App.1987); *Wilson v. State,* 654 S.W.2d 465, 467 (Tex.Crim.App.1983); *Moore v. State,* 640 S.W.2d 300, 302 (Tex. Crim.App.1982).[2] Based on this rule, Paschal argues unless the evidence refutes other possible ways Gellington could have been propelled from the balcony, such as by tripping, the circumstantial evidence that Paschal intentionally pushed Gellington is not legally sufficient to support his conviction.

■ As this court previously recognized in *Chaloupka,* the Court of Criminal Appeals' holding in *Geesa v. State* abolished the reasonable hypothesis rule as an analytical construct in reviewing the sufficiency of evidence in circumstantial evidence cases. *See Chaloupka,* 20 S.W.3d at 175; *Geesa v. State,* 820 S.W.2d 154, 156 (Tex.Crim.App.1991).[3] We reiterate that the appropriate test is the standard legal sufficiency analysis—whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony and is free to accept or reject any or all of any witness's testimony. *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex.Crim.App.1999). We pre-

103(a)(1), which mandates that in the case of a ruling admitting evidence, the specific ground for objection must be stated *where it is not apparent from the context.* Tex.R.Evid. 103(a)(1). Despite its questionable underpinnings, however, we are bound by *Medina.*

2. The cases *Humason, Wilson,* and *Moore* have all been overruled by *Geesa v. State,* 820 S.W.2d 154, 160 (Tex.Crim.App.1991).

3. *Geesa* has been overruled on other grounds by *Reyes v. State,* 938 S.W.2d 718, 719 (Tex. Crim.App.1996).

sume the trier of fact resolved any conflicting inferences in favor of the prosecution and must defer to that resolution. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App. 1993).

The State charged and was required to prove that Paschal committed aggravated assault by intentionally, knowingly, or recklessly causing serious bodily injury to Willie Gellington by pushing him from a balcony. *See* TEX.PEN.CODE ANN. §§ 22.01(a)(1), 22.02(a)(2) (Vernon Supp. 2000). Because the State alleged all three theories of mental culpability, the evidence is sufficient to support Paschal's conviction if it establishes that he acted with any one of the three culpable mental states charged in the indictment. A person acts intentionally when it is his conscious objective or desire to engage in the conduct or cause the result. TEX.PEN.CODE ANN. § 6.03(a) (Vernon 1994). A person acts knowingly when he is aware of the nature of his conduct or that his conduct is reasonably certain to cause the result. TEX. PEN.CODE ANN. § 6.03(b) (Vernon 1994). A person acts recklessly with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of, but consciously disregards, a substantial and unjustifiable risk that the circumstances exist or the result will occur and the disregard constitutes a gross deviation from the standard of care an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. TEX.PEN.CODE ANN. § 6.03(c) (Vernon 1994).

The record shows that Paschal created a disturbance at Mack's apartment, and several witnesses whose attention was drawn to the scene observed at least part of the events that transpired. Both Mack and Lola Burl, the apartment complex manager, testified that Gellington and Paschal were on the balcony or in the doorway of Mack's apartment within close proximity to one another moments before Gellington went over the railing of the balcony and fell to the ground one story below. Mack testified that when she last saw the two, Gellington was facing the railing and Paschal was behind him. Neither witness could say she saw Paschal push Gellington because Burl had descended the stairs to call 9-1-1 and Mack was inside her apartment when Gellington went over the railing. A disinterested witness who observed the altercation from across an unlit parking lot testified that after a short scuffle, the larger of the two men pushed the smaller from behind, propelling him over the railing by giving him "a boost." Although, as Paschal points out, the parking lot was unlit, the apartment complex was illuminated. It is undisputed that the two men he saw were Paschal and Gellington and that Gellington has a markedly smaller build than Paschal. Finally, Gellington testified that as he was leaving the apartment, Paschal shoved him forcefully in the back, propelling him over the railing.

This evidence viewed in the light most favorable to the verdict would allow a rational trier of fact to determine that Paschal either intended to cause Gellington serious bodily injury by pushing him over the balcony railing, knew that pushing Gellington over the railing was reasonably certain to result in serious bodily injury, or was aware of but consciously disregarded the risk that pushing Gellington over the railing would result in serious bodily injury and such disregard constituted a gross deviation from the ordinary person standard of care. Therefore, the evidence was legally sufficient for the fact finder to determine beyond a reasonable doubt that Paschal was guilty of aggravated assault.

We affirm Paschal's conviction.