NUMBER 13-06-354-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PETILLA BASS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 130th District Court 

of Matagorda County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, Petilla Bass, appeals from his conviction for the offense of driving
while intoxicated (DWI). As the sole issue on appeal, Bass contends that the trial
court erred when it allowed the State to introduce evidence of his use of crack
cocaine. We affirm.

I. Background


Texas State Trooper John Kopacz stopped Bass's vehicle for speeding. Three
individuals occupied the vehicle, including Bass, the driver. According to Trooper
Kopacz, Bass smelled of alcohol. After Bass performed poorly on several field sobriety
tests, Trooper Kopacz arrested him for DWI. At trial, Bass pleaded not guilty. The jury
convicted Bass of DWI, sentenced him to fifteen years' imprisonment, and imposed
a $5,000 fine. This appeal ensued.
II. Evidence of Crack Cocaine


 Bass contends that the trial court erroneously admitted evidence regarding his
use of crack cocaine. He asserts two theories in support of his argument: (1) the
State's introduction of evidence that he smoked crack cocaine constituted an "undue
surprise amounting to a trial by ambush," and (2) the prejudicial value of the evidence
outweighed its probative value.

A. Standard of Review


"The standard of review for a trial court's ruling under the Rules of Evidence is
abuse of discretion." Martin v. State, 173 S.W.3d 463, 468 (Tex. Crim. App. 2005)
(quoting Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004)). The test
for abuse of discretion is whether the trial court's ruling lies outside the zone of
reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1991) (op'n on reh'g).





B. Unfair Surprise


At trial, Bass objected on the basis of undue surprise (1) to the testimony of Della
Robbins, one of the passengers in the vehicle. Robbins stated that, prior to the traffic
stop, she witnessed Bass smoke crack cocaine in the vehicle. Bass contends that he
was not aware that the State would attempt to prove his intoxication by any means
other than alcohol. Unfair surprise is "a situation in which a party, having had no
notice of some action or proffered evidence, is unprepared to answer or refute it." 
Black's Law Dictionary (8th ed. 2004); see McGee v. State, 774 S.W.2d 229, 235
(Tex. Crim. App. 1989) (finding no unfair surprise where appellant complained of lack
of notice that the State intended to prove the murder weapon was a brick found at the
murder scene when the indictment alleged and the evidence established that a hammer
was the murder weapon).

An indictment must convey sufficient information to allow the accused to
prepare his defense. State v. Mays, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). 
Article 21.04 of the Texas Code of Criminal Procedure provides that "the certainty
required in an indictment is such as will enable the accused to plead the judgment that
may be given upon it in bar of any prosecution for the same offense." Id.; Tex. Code
Crim. Proc. Ann. art. 21.04 (Vernon 1989). A defendant is not unfairly surprised
when the evidence offered at trial is consistent with the allegations in the indictment. 
See McGee, 774 S.W.2d at 235.

Here, the indictment and the superseding indictment alleged that Bass operated
a motor vehicle in a public place while intoxicated "by not having the normal use of
mental or physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, or a dangerous drug into the body." The State, therefore, could
have attempted to prove his intoxication by one of five methods: through the
introduction of (1) alcohol, (2) a controlled substance, (3) a drug, (4) a dangerous drug,
or (5) any combination of alcohol, a controlled substance, a drug, or a dangerous drug.
Accordingly, Bass was not unfairly surprised when the State introduced evidence that
he ingested cocaine because such evidence offered proof of the charged offense. See
id.; Mays, 967 S.W.2d at 406. In addition, Bass was not unfairly surprised when the
State called Robbins as a witness because she was mentioned by name in (1) the
State's list of potential witnesses, (2) Trooper Kopacz's offense report, and (3) the
video recording of the traffic stop. Furthermore, Bass was not unfairly surprised when
Robbins testified regarding his use of crack cocaine because the video recording of the
traffic stop included Bass's discussion of the crack pipe with Trooper Kopacz. Thus,
because there was no unfair surprise, the trial court did not abuse its discretion when
it admitted Robbins's testimony regarding Bass's use of crack cocaine.

C. Prejudicial vs. Probative Value

 Bass also contends that the prejudicial value of Robbins's testimony outweighed
its probative value. Bass, however, did not preserve this complaint. In order to
preserve a complaint for appellate review, an objection must be (1) timely, and (2)
sufficiently specific to make the trial court aware of the complaint. See Tex. R. App.
P. 33.1. An error is not preserved for review if it varies from the objection made at
trial. Ibarra v. State, 11 S.W.3d 189, 196 (Tex. Crim. App. 1999); Parson v. State,
193 S.W.3d 116, 125 (Tex. App.--Texarkana 2006, pet. ref'd). Rule 403 of the
Texas Rules of Evidence provides that relevant evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice. See Tex.
R. Evid. 403. "Once a trial court has ruled that evidence is relevant, the opponent of
the evidence is required to make a separate Rule 403 objection to raise unfair
prejudice. In the absence of such an objection, the issue is not preserved for appeal." 
Paschal v. State, 35 S.W.3d 80, 82 (Tex. App.--Texarkana, 2000, no pet.). "To
preserve error on appeal, a party must obtain a ruling from the trial court or object to
the trial court's refusal to rule." Martinez v. State, 17 S.W.3d 677, 686 (Tex. Crim.
App. 2000); see Tex. R. App. P. 33.1.

 At trial, the State asked Robbins if she witnessed Bass smoke crack cocaine
prior to the traffic stop. She replied, "You're going to get me killed up in here." 
Bass's counsel objected, stating, "And, certainly, it's highly prejudicial to my client
much less the crack cocaine that was not mentioned in the offense report, but any
reference to my client committing anything of violence would be prejudicial to him and
I would instruct the jury to disregard that statement." This was Bass's sole objection
on the grounds that Robbins's testimony was prejudicial.

 This colloquy between the court and Bass's counsel followed counsel's
objection:

 THE COURT: Well, there is a question; and it seems to be that you're saying
the answer is nonresponsive to the question.


 [DEFENSE COUNSEL]: That's correct.

 THE COURT: And that objection is sustained.

 [DEFENSE COUNSEL]: Thank you.

 THE COURT: Okay.

 [DEFENSE COUNSEL]: Will the jury be instructed to disregard?

 THE COURT: Yes.

* * * * *

 [DEFENSE COUNSEL]: Then I move for a mistrial.

 THE COURT: I'm sorry?

 [DEFENSE COUNSEL]: And I move for a mistrial.

 THE COURT: The mistrial is denied.

 While Bass used the word "prejudicial," the trial court construed his objection
as an objection to the nonresponsive nature of Robbins's answer. (2) Accordingly, Bass
failed to obtain a ruling on his rule 403 objection. See Tex. R. App. P. 33.1; Martinez,
17 S.W.3d at 686. In addition, he did not object to the court's failure to rule on his
rule 403 objection. See Tex. R. App. P. 33.1; Martinez, 17 S.W.3d at 686. Therefore,
Bass did not preserve for review his contention that Robbins's testimony regarding his
use of crack cocaine was more prejudicial than probative.

 We overrule appellant's sole issue. 

III. Conclusion


Accordingly, we affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 5th day of July, 2007.
1. For the purposes of this opinion, we will use "undue surprise" and "unfair surprise"
interchangeably.
2. We also construe counsel's objection as an objection to Robbins's comment that suggests
appellant may retaliate against her for testifying against him and not as an objection to any prejudice
related to the use of cocaine.