Frank Michael CHALOUPKA,
Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00046–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 29, 2000.

Decided April 18, 2000.

Discretionary Review Refused
Aug. 30, 2000.

Kaylin D. Kluge, Texarkana, for appellant.

Michael Shepherd, Asst. Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Frank Michael Chaloupka was convicted of felony driving while intoxicated and sentenced to five years in the state penitentiary.

Chaloupka waived his right to jury by trial, and a bench trial was held. Chaloupka pleaded not guilty, but was found guilty by the judge. Chaloupka contends on appeal that there was insufficient evidence on which to convict him.

■ Chaloupka does not specify in his appeal whether he is challenging the legal sufficiency or the factual sufficiency. We may only consider the factual sufficiency of the evidence if the issue is properly raised. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim.App.1996). In his brief, Chaloupka asks this Court to examine the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found him guilty of all elements of the offense beyond a reasonable doubt.

This is the standard of review for legal sufficiency. Chaloupka never requests that this Court review the factual sufficiency of the evidence, mentions the standard of review for factual sufficiency, or cites cases concerning factual sufficiency. By making only a global sufficiency of the evidence point and citing only legal sufficiency standards, only a legal sufficiency complaint has been raised on appeal. *Davila v. State*, 930 S.W.2d 641 (Tex.App.-El Paso 1996, pet. ref'd); *see also Markey v. State*, 996 S.W.2d 226, 229 (Tex.App.-Houston [14th Dist.] 1999, no pet. h.); *Martinets v. State*, 884 S.W.2d 185, 188–89 (Tex.App.-Austin 1994, no pet.) (opinion on reh'g). Chaloupka's issue on appeal is, therefore, a complaint that the evidence was legally insufficient.

■ Section 49.04 of the Texas Penal Code provides that a person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PEN. CODE ANN. 49.04 (Vernon Supp.2000). There must be a concurrence of the elements for a crime to have been committed. If a person is intoxicated, but sitting in a parked vehicle, then Texas courts have held that the proof was not legally sufficient to convict a defendant for driving while intoxicated, since the person was not driving or operating the vehicle, even though the person was intoxicated. *Ballard v. State*, 757 S.W.2d 389 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd); *Reddie v. State*, 736 S.W.2d 923 (Tex.App.-San Antonio 1987, pet. ref'd). In the same fashion, the Houston court of appeals held that "[i]ndications that the accused was intoxicated at the time the police arrived do not in themselves prove such intoxication at the prohibited time, i.e., when the accused was driving." *Weaver v. State*, 721 S.W.2d 495, 498 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd). There must be evidence beyond a reasonable doubt not only that the defendant had been driving a motor vehicle and was intoxicated when the police arrived, but that the defendant

had been intoxicated while driving the vehicle.

■ The standard in reviewing the legal sufficiency of evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Webb v. State*, 801 S.W.2d 529 (Tex.Crim.App.1990). The appellate court views the evidence in the light most favorable to the verdict, whether the case was proven by direct or circumstantial evidence. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

Chaloupka was traveling westbound on Interstate 30 around the New Boston area. Two witnesses testified that Chaloupka was speeding and driving erratically. Chaloupka's vehicle left its lane of the roadway, entered the adjoining lane, hit a vehicle owned by James Davidson, and then swerved back into his own lane. After the collision, Davidson stopped to check the damage to his vehicle, but Chaloupka continued driving westbound at a high rate of speed.

A witness to the accident, Ted Brewster, followed Chaloupka in an effort to write down Chaloupka's license plate number. Brewster was able to get the license number, then pulled over to wait until Davidson's vehicle passed. When Davidson passed, Brewster flagged him down and gave him the information. Just after Brewster drove off, a Texas Department of Public Safety (D.P.S.) trooper contacted Davidson and informed him that another D.P.S. trooper believed he had the other person involved in the collision stopped at a rest area.

Another witness to the collision, Bobby Don Cox, Jr., was driving an eighteen-wheeler and dialed 9–1–1 after the collision occurred. Cox did not get the license plate number of the vehicle that had caused the collision. After Cox notified the police of the collision, he also notified other truckers of the collision by C.B. radio, and asked if one of them could get the license plate number. Another trucker was able to get the license plate number and give it to Cox, which he in turn gave to the police. Cox had lost sight of the vehicle, but some time later, another trucker informed Cox that the vehicle was exiting into a rest area beside the highway. Cox also exited and called the police again, and then he waited at the rest area until the police could arrive.

Cox testified that Chaloupka got out of his vehicle holding two bottles of beer and carrying a paper sack. He testified that Chaloupka was stumbling and had difficulty maintaining his balance as he got out of his vehicle and walked to a picnic table. Cox testified that Chaloupka sat on a bench and began to drink from one of the beer bottles. Chaloupka also proceeded to urinate in public next to the picnic table, although there were restrooms available.

When Trooper Lance Cline arrived at the rest area, Cox pointed out Chaloupka. Trooper Cline testified that Chaloupka was sitting at a bench with five empty beer bottles and was drinking the sixth bottle. Trooper Cline testified that Chaloupka was obviously intoxicated. Trooper Cline testified that Chaloupka's speech was slurred, that he seemed disoriented, that he had very poor balance, and that he had a strong odor of alcohol about him. The trooper then proceeded to administer field sobriety tests to Chaloupka. According to Trooper Cline, Chaloupka performed very poorly on the tests, i.e., he had very poor balance on the walk and turn test, as well as on the head tilt test, and he could not recite the alphabet. Trooper Cline also performed the horizontal eye gaze test, the results of which indicated to him that Chaloupka was intoxicated. Chaloupka was then arrested.

While there was some conflicting evidence about the distance from the scene of the collision to the rest area, in a light most favorable to the verdict, Cox testified that the rest area was a "couple," but not "several" miles down from mile marker

190. When questioned by the defense if the accident occurred at mile marker 190, Cox testified that he thought the collision occurred "back on up the road a little ways," around mile marker 192 or 193.

■ Chaloupka relies on cases where defendants were charged with driving while intoxicated although the police did not actually see the defendant driving the vehicle. *See McCafferty v. State*, 748 S.W.2d 489 (Tex.App.-Houston [1st Dist.] 1988, no pet.); *Weaver*, 721 S.W.2d 495; *Coleman v. State*, 704 S.W.2d 511 (Tex. App.-Houston [1st Dist.] 1986, pet. ref'd). While these cases deal with a similar fact situation, the standard of review applied to those cases is different than the standard of review applied to the current case. The cases cited by Chaloupka were reviewed under the "reasonable hypothesis" analysis, where all other reasonable hypotheses in circumstantial evidence cases had to be ruled out to sustain a conviction. The Texas Court of Criminal Appeals in *Geesa v. State* overruled this construct and held that the same type of legal sufficiency analysis applied to cases proved by circumstantial evidence as those proved by direct evidence. *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). The analysis in the old cases gave guidance as to what factors to consider in determining what a reasonable hypothesis was. An appellate court is no longer required to rule out reasonable hypotheses, however; the court must simply apply the standard legal sufficiency analysis—whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

■ The State had to prove not that Chaloupka was intoxicated when the state trooper arrived, but that he had been intoxicated while driving on a public roadway. The trooper's testimony alone presents no proof that Chaloupka was driving while intoxicated. However, it constitutes a part of an accumulation of evidence.

The Texas Penal Code defines intoxicated as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol ... into the body...." TEX. PEN.CODE ANN. § 49.01(2)(A) (Vernon Supp.2000). The evidence does demonstrate that Chaloupka was driving erratically on the highway and caused a collision, as testified by two drivers and the driver of the vehicle that was struck; there was evidence that when he left his vehicle at the rest area, he was stumbling and could not keep his balance. This evidence, independent of the testimony by the police officer, showed that he had been driving without the normal use of his physical faculties. There was also evidence that after striking the other vehicle: he left the scene of the accident; he sped away; and he stopped a few miles down the road at a rest area, where he proceeded to consume alcohol in that public place during the daylight hours. The lack of judgment demonstrated by this conduct indicates that he did not have the normal use of his mental faculties as well.

■ The question remains whether this demonstration was a lack of normal use of mental and physical faculties caused by the reason of introduction of alcohol into his body. The evidence shows that his drink of choice was Red Dog beer, as indicated by Cox's testimony. Cox testified that he saw Chaloupka drive into the rest area from the interstate highway. He further testified that Chaloupka got out of his vehicle with two beers with the Red Dog label in his hand as well as a paper sack with unknown contents.

The testimony of the trooper who later came on the scene and found five empty beer bottles and one partially empty and found Chaloupka smelling of alcohol creates an inference that the pattern of conduct on the day in question involved the consumption of alcohol and that his erratic driving was attributable to the consumption of alcohol. This was a reasonable inference from the circumstances.

After viewing all of the evidence in a light most favorable to the verdict, a rational trier of fact could have determined that the State had proven all of the essential elements of the charge of driving while intoxicated. We hold that there was legally sufficient evidence for the fact finder to determine beyond a reasonable doubt that Chaloupka was guilty of driving while intoxicated.

Chaloupka's point of error is overruled and his conviction is affirmed.