NO. 07-02-0157-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 18, 2002

_____

FRANKIE LEE NAGLE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 4 OF HARRIS COUNTY;

NO. 1085784; HON. JAMES E. ANDERSON, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Appellant, Frankie Lee Nagle, appeals from his misdemeanor conviction of driving while intoxicated. In five issues, he claims that 1) the trial court erred in denying his motion to suppress evidence seized as a result of a warrantless stop, 2) the warrantless stop was in violation of the Fourth Amendment to the Federal Constitution, 3) the warrantless stop was in violation of art. I, §9 of the Texas Constitution, and 4) the evidence was legally and factually insufficient to prove his guilt. We affirm the judgment of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

## *Background*

On November 2, 2001, at approximately 1:10 a.m., appellant drove onto Crown Road from Traffic Circle in Harris County on his way home from a pub. He had arrived at the pub after leaving work around 11:00 p.m. and consumed three to four beers before leaving. Located on the road he traveled and near Crown Petroleum was a "security checkpoint." The latter was erected to check cars coming into the area and was staffed by one employee of Crown Petroleum as well as three police officers.[2] As appellant approached the checkpoint, he was signaled to stop, according to an officer at the site. In response, appellant allegedly waved what appeared to be a badge and continued through the point. Appellant denied that anyone directed him to stop and that he presented any badge. Rather, he testified that those at the checkpoint ignored him. Nevertheless, the road upon which he traveled was not a throughway. It apparently ended in the parking lot of the petroleum company. Thus, he turned around and attempted to again pass the checkpoint. At that time, a police officer stopped him, asked that he identify himself, and asked his destination. Furthermore, as the officer spoke with appellant, he noticed that appellant smelled of alcohol, slurred his speech, and had red eyes. These circumstances resulted in appellant's detention until a DWI Task Force officer arrived to conduct field sobriety tests. The Task Force officer arrived approximately an hour later and administered the tests. Appellant performed those tests poorly, which resulted in his arrest.

---

[2] Although the officers were employed by Crown Petroleum, their work was approved by the Pasadena Police Department.

### *Issues One, Two, and Three - Motion to Suppress*

Via his first three issues, appellant challenges the warrantless stop of his vehicle. He contends that the trial court erred in denying his motion to suppress because 1) the officers lacked reasonable suspicion to temporarily detain him and 2) the checkpoint was illegal.[3] We overrule the issues.

### *The Law*

The standard of review applicable to the issues is well settled. Instead of reiterating it, we cite the parties to *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) and *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Furthermore, in *State v. Skiles,* 938 S.W.2d 447 (Tex. Crim. App. 1997), the Texas Court of Criminal Appeals held that one's failing to stop at a roadblock itself creates reasonable suspicion to stop the individual. *Id.* at 454. And, given that court's interpretation of the authority it cited as support for the proposition, the legality of the roadblock matters not. *Id.*

### *Application*

The stop of which appellant complains is undoubtedly that encountered after turning around in the parking lot of Crown Petroleum. This is so because he did not stop when he first approached the checkpoint. Next, evidence of record exists upon which the trial court could reasonably conclude that appellant failed to stop after those present, including at least one police officer, directed him to do so. So too could it hold, given *Skiles*, that appellant's failure to stop gave the officer reasonable suspicion to temporarily detain him. Finally, such a determination would not fall outside the zone of reasonable disagreement.

---

[3] Appellant does not argue that the Texas Constitution provides him any greater protection than the United States Constitution. Therefore, we will not address that contention separately.

3

Accordingly, we hold that the trial court did not abuse its discretion in refusing to grant the motion to suppress.

### *Issues Four and Five - Sufficiency of the Evidence*

In his fourth and fifth issues, appellant challenges the legal and factual sufficiency of the evidence to prove that, at the time he was operating a motor vehicle, he had lost the normal use of his physical or mental faculties due to his ingestion of alcohol. Such were elements of the crime which the State was obligated to prove beyond reasonable doubt. It did not, according to appellant. We overrule the issues.

### *The Law*

The standards of review applicable in determining whether the evidence was legally and factually sufficient to sustain a conviction are well settled. We will not reiterate them but rather refer the litigants to *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000), and *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) for explanations of the same.

Next, to convict one of driving while intoxicated, the State must prove that the defendant was intoxicated while operating a motor vehicle in a public place. TEX. PEN. CODE ANN. §49.04 (a) (Vernon Supp. 2003). "Intoxicated" means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body . . . ." *Id.* §49.01(2)(A). Additionally, there must be a concurrence of the elements of the offense to warrant a conviction. *Chaloupka v. State,* 20 S.W.3d 172, 173-74 (Tex. App.—Texarkana 2000, pet. ref'd). Thus, at bar, the State had to prove not that appellant was

4

intoxicated at the time the officer conducted the field sobriety tests but when he was driving on Crown Road.

*Application*

Appellant argues that the State presented no evidence of loss of faculties such as erratic driving, poor balance, disorientation, or stumbling. Nor did the officer conduct the field sobriety tests until an hour after appellant was initially detained. Thus, the State failed to prove he was intoxicated at the time he operated the vehicle, he concludes. We disagree.

While the evidence may not illustrate that appellant drove erratically or exhibited poor balance, disorientation, or stumbling, he did have slurred speech and bloodshot eyes, according to the testimony of an officer. So too did he smell of alcohol. Appellant also admitted to having three to four beers at the pub before leaving it.[4] To this we add 1) the evidence of appellant having run or missed what one could view as an open and obvious checkpoint with one police car and three uniformed officers located thereat, and 2) doing poorly on the sobriety tests later administered to him.

It may well be that the field sobriety tests were delayed for about an hour. Furthermore, as the time gap between the initial detention and the administration of those tests increases, their results may well become less probative. *Owen v. State*, 905 S.W.2d 434, 439 (Tex. App.—Waco 1995, pet. ref'd). Nevertheless, that does not mean that they are *per se* inadmissible, irrelevant, or non-probative. Rather, the delay renders the evidence potentially subject to exclusion via Rule 403. *Id.*; TEX. R. EVID. 403 (stating that

---

[4]There is no evidence of record suggesting that appellant normally had a speech impediment or bloodshot eyes.

5

evidence may be inadmissible if its probative value is substantially outweighed by its prejudicial effect).    Yet, until excluded, it can serve as evidence susceptible to consideration by the factfinder, despite the delay.  *Owen v. State*, *supra*.  And, appellant does not here contend that the evidence was inadmissible under Rule 403.  So, when the results of the field sobriety tests are considered here, along with the evidence of bloodshot eyes, slurred speech, the smell of alcohol, and the running of a checkpoint, their sum total constitutes some evidence upon which a rational factfinder could hold, beyond reasonable doubt, that appellant did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body while driving down Crown Road.  And, such a finding would not be manifestly unjust or clearly wrong when tested against the entire record.  Accordingly, the evidence was neither legally nor factually insufficient to support the verdict.

We affirm the judgment of the trial court.


Brian Quinn
Justice


Do not publish.