Affirmed and Memorandum Opinion filed February 6, 2003















Affirmed and
Memorandum Opinion filed February 6, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00281-CR

____________

 

CLAUDE McCOY MARKEY,
II, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_____________________________________________________________________

 

On Appeal from
the County Court at Law No. 2

Brazos County, Texas

Trial Court
Cause No. 160M-02

 

_____________________________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant, Claude McCoy Markey, II,
was convicted by a jury of Driving While Intoxicated – Second Offense.  In two points of error, appellant challenges
the factually sufficiency of the evidence adduced to support his
conviction.  We affirm.

I.  FACTUAL BACKGROUND

            Appellant’s conviction arises out of
an October 6, 2001,
automobile accident in Bryan, Texas.  Driving from Huntsville to Bryan, after a
family visit, Sandra Walston noticed a vehicle
approaching the intersection of Highways 158 and 60 at a high rate of
speed.  








According
to her trial testimony, she watched as the driver of the vehicle disregarded
the stop sign at Highway 60 and almost collided with her own automobile.  Walston testified
that the vehicle came within two feet of her automobile.  She then saw the vehicle enter a ditch, slam
through a fence and finally come to a halt in a field.  Walston went to
investigate the scene to determine if anyone might have been injured.  Observing only appellant in the vehicle, she
watched as he “rather rolled out of the car” and “tumble[d] out onto the
ground.”  A licensed vocational nurse, Walston also testified that to her it was “quite obvious”
that appellant had been drinking alcohol.

            Another witness, Nicholas James Samford, did not see the near collision but arrived at the
scene before Walston. 
He testified that he came upon the car in the ditch.  Samford noticed the
vehicle’s engine was still running and that the driver—whom he later identified
as appellant—was still inside it.  Samford testified that he asked appellant if any other
individuals were with him in the vehicle. 
After several unsuccessful requests, appellant ultimately responded that
no one else was with him.  Samford testified that he smelled a “pretty strong” odor of
alcohol and that from his behavior and mannerisms it was “pretty evident” that
appellant was under its influence.

            Officer Steven Spillars
of the Bryan Police Department was dispatched to the scene of the
accident.  In addition to the strong odor
of alcohol, the officer took notice of appellant’s bloodshot eyes, slurred
speech, and difficulty in keeping his balance. 
Spillars then administered the field sobriety
tests.  On the horizontal gaze nystagmus test, Spillars noticed
six clues, and on the vertical gaze nystagmus test,
he noticed six of eight clues suggesting intoxication.  Spillars testified
that on the vertical gaze nystagmus test six clues
suggest a blood alcohol level above the legal limit.  On the walk and turn test, Spillars observed four of eight clues.  Walston, who
observed the administration of the tests,  testified that appellant’s performance
was “very wobbly” and that he kept “falling over” and could not follow the
officer’s instructions.

            The jury convicted appellant of
Driving While Intoxicated – Second Offense.

 

II.  POINTS OF ERROR

            In two issues, appellant contends
the evidence was factually insufficient to support his conviction because: (1)
no evidence was introduced that appellant was intoxicated at the time of
driving and the cause of the accident; and (2) no evidence was presented that
appellant was observed operating a vehicle in a public place.

III.  STANDARD OF REVIEW

            In reviewing for factual
sufficiency, an appellate court will set aside the fact finder’s verdict only
if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  See Clewis v.
State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  An
appellate court conducting a factual sufficiency review must be appropriately
deferential so as to avoid substituting its own judgment for that of the fact
finder.  Id. at 133.  Accordingly,
we are only authorized to set aside the fact finder’s finding in instances
where it is manifestly unjust, shocks the conscience, or clearly demonstrates
bias.  Id. at 135.

IV.  ANALYSIS

A.  The Intoxication Element

 

            A person commits an offense if the
person is intoxicated while operating a motor vehicle in a public place.  Tex. Pen. Code
§ 49.04.  In his
first point of error, appellant challenges the factual sufficiency of the
evidence put forth that he was intoxicated at the time of driving.  To convict for the offense of Driving While
Intoxicated, the State must prove appellant was intoxicated while operating a
motor vehicle in a public place.  Tex. Pen. Code Ann. § 49.04(a).  Under the Texas Penal Code, a person is
intoxicated if he does not have the normal use of mental or physical faculties
by reason of the introduction of alcohol into the body.  Id. § 49.01(2)(a).

            When considering the intoxication
element, erratic driving and a collision are instances of impaired judgment
which can be sufficient to establish that a driver did not have the normal use
of his mental faculties.  Chaloupka v. State, 20 S.W.3d 172,
175 (Tex. App.—Texarkana 2000, pet. ref’d).  Walston saw
appellant’s vehicle disregard the stop sign at the intersection and nearly
collide with her own vehicle.  She then
observed appellant’s vehicle land in a ditch and crash through a fence.  She saw him “tumble” from the vehicle and
behave as if he were under the influence of alcohol.  The evidence shows that the appellant’s
vehicle drove erratically and caused both a near-collision and an accident.  Id.  The lack of judgment demonstrated by this
conduct is circumstantial evidence that appellant did not have the normal use
of his mental faculties.  Id.

            In this case, there was also
evidence that appellant refused to give a breath or blood specimen upon request
by the arresting officer.  Appellant
performed poorly on the field sobriety tests, and the arresting officer noticed
a strong odor of alcohol emanating from appellant, as well as bloodshot eyes,
slurred speech, and difficulty maintaining balance.  See
Henderson v. State, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d) (“The testimony of a police
officer that an individual is intoxicated is probative evidence of
intoxication.”)  Furthermore, both Walston and Samford observed behavior
by appellant shortly after the accident which led them to conclude that
appellant was intoxicated.  Both Samford and the police officer noted that during the field
sobriety tests appellant was stumbling and could not keep his balance.  Chaloupka, 20 S.W.3d at 175 (noting that testimony of
trooper who later come on the scene of the accident and found driver smelling
of alcohol, among other factors, creates an inference of intoxication and that
the erratic driving was attributable to alcohol consumption).  These facts also constitute circumstantial
evidence that he had been driving without the normal use of his physical
faculties.

            Taking all of these facts together,
we do find that the evidence of appellant’s intoxication at the time of driving
is factually insufficient.  Accordingly,
appellant’s first point is overruled.

 class=Section3>

B.  The Operating a Vehicle in a Public Place Element

            In his second point of error,
appellant contends the evidence was factually insufficient to support his
conviction because no evidence was presented that he was observed operating a
vehicle in a public place.  In the
immediate aftermath of the wreck, two witnesses saw appellant in or near the
vehicle.  After witnessing the accident, Walston went to appellant’s vehicle to see if anyone was
injured.  She observed only appellant in
the vehicle and did not see any other individuals.  See Yeary v. State, 734 S.W.2d 766, 769
(Tex. App.—Fort Worth 1987, no pet.) (noting that
among the ample evidence demonstrating that the defendant was driving the
vehicle included testimony by a witness who saw the accident and saw no one
else in or near the vehicle immediately after the accident).  Likewise, Samford
saw no one but appellant in the vehicle so soon after the accident that the
engine was still running.  The jury could
reasonably infer that appellant had been driving the truck from the evidence
that the truck was stopped in the  with its engine running with appellant
sitting behind the steering wheel shortly after the accident occurred.  See
Pope v. State, 802 S.W.2d 418, 420 (Tex. App.—Austin 1991, no pet.);  Pace v. State, No.
01-89-00860-CR, 1990 WL 71337, at *2-3 (Tex. App.—Houston [1st Dist.] 1990, pet
ref’d) (not designated for publication).

            Considering this evidence together,
we find the evidence was factually sufficient to support appellant’s
conviction.  Accordingly, appellant’s
second point is overruled.

CONCLUSION

            For the foregoing reasons, the
judgment of the trial court is affirmed.

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed February 6, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).