Affirmed and Memorandum Opinion filed March 9, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00153-CR

___________________

 

Jarett Wade Petroski, Appellant

 

v.

 

The State of Texas, Appellee



 



 

On
Appeal from the County Criminal Court at Law No. 14

Harris County,
Texas



Trial Court Cause No. 1551554

 



 

 

MEMORANDUM OPINION

A jury
convicted appellant, Jarett Wade Petroski, of driving while intoxicated.  See
Tex. Penal Code Ann. § 49.04 (Vernon 2003).  On appeal, he contends the
evidence is legally and factually insufficient to support the conviction, and
further argues the trial court abused its discretion by refusing to grant a
mistrial after submitting a jury charge that differed from the version read to
the jury.  Finding no merit in these issues, we affirm.

I.

Background

In the early morning
hours of September 19, 2008, appellant, while driving on Beltway 8 in Houston,
lost control of his vehicle and crashed into a guardrail and light pole. 
Emergency personnel, including Harris County deputies, were dispatched to the
scene where they observed appellant stumbling and unable to stand without
assistance.  His eyes appeared bloodshot, and his speech was slurred.  Further,
he smelled strongly of alcohol and admitted he had been drinking beer.

After appellant refused
to submit to a breath test, one of the deputies performed a field-sobriety
test, the “horizontal gaze nystagmus” (“HGN”) test.  See Emerson v. State,
880 S.W.2d 759, 768–69 (Tex. Crim. App. 1994) (recognizing HGN test as
scientifically reliable).  Appellant displayed a maximum of six “clues” on the
test, a result highly suggestive of intoxication.  

Additional sobriety
testing was delayed so that appellant could be examined and treated for
possible chest and back injuries sustained in the collision.  Following
discharge by a local hospital, appellant was transported to the police station,
where – more than two hours after the collision – he apparently “passed” three
additional sobriety tests.

The State charged
appellant with driving while intoxicated, a Class B misdemeanor, to which he
pleaded “not guilty.”  See Tex. Penal Code Ann. § 49.04(b).  A jury
found him guilty of the charged offense, and the trial court sentenced
appellant to pay a $500 fine and serve 180 days in Harris County Jail, probated
for eighteen months.  Appellant timely appealed, bringing three issues in which
he challenges the sufficiency of the evidence and complains of the trial
court’s refusal to grant a mistrial. 

II.

Sufficiency of Evidence

In his second and third
issues, which we address first, appellant contends the evidence is legally and
factually insufficient, respectively, to support the jury’s finding of
intoxication.  Specifically, appellant argues the jury should have disregarded,
as unreliable, the unfavorable results from the HGN test, while still crediting
his dexterous performance on field-sobriety tests conducted more than two hours
later.  We will consider those arguments, along with the evidence included in
the record, under the applicable standards of review for legal and factual
sufficiency.

A.        Standard
of Review

In a legal-sufficiency
review, we consider all of the evidence in the light most favorable to the
jury’s verdict and decide whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Reed v. State,
158 S.W.3d 44, 46 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  We may
not substitute our judgment for the jury’s, and we do not re-examine the weight
and credibility of the evidence considered by the jury.  Id.; Brochu
v. State, 927 S.W.2d 745, 750 (Tex. App.—Houston [14th Dist.] 1996, pet.
ref’d).

When we review the
factual sufficiency of the evidence, by contrast, we consider the evidence in a
neutral light.  Reed, 158 S.W.3d at 46.  We must set aside the verdict if
(1) the proof of guilt is so obviously weak as to render the verdict clearly
wrong and manifestly unjust, or (2) the proof of guilt, while legally
sufficient, is nevertheless greatly outweighed by contrary proof.  See
Vodochodsky v. State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005).  However,
because the jury is best able to evaluate the credibility of witnesses, we must
afford appropriate deference to its conclusions.  Pena v. State, 251
S.W.3d 601, 609 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).

B.        Application
to Facts

1.         Legal Sufficiency

Appellant opens his
legal-sufficiency complaint, found in his second issue, by challenging the
reliability of the HGN field-sobriety test results.  He suggests the
administering officer, Deputy Vagliente, gave him incomplete instructions about
how the test would be conducted, thereby negatively – and artificially –
affecting his performance on the test.  He contends the test results are
therefore unreliable and constitute “no evidence.”  Finally, he concludes that
the remaining evidence, considered without the corroborating test results, is
legally insufficient to support the finding of intoxication.  However, the
record does not support these claims.

We begin with the basic
details of the HGN sobriety test, which is outlined in a “DWI Detection Manual”
issued by the National Highway Traffic Safety Administration (“NHTSA”).  See
Compton v. State, 120 S.W.3d 375, 376–77 (Tex. App.—Texarkana 2003, pet.
ref’d).  Briefly, while the suspect attempts to watch and track a stimulus as
it moves through his field of vision, the administering officer examines the
suspect’s eyes to look for as many as six “clues” of intoxication.  See id.
at 377–78.  Here, appellant’s eyes demonstrated all six clues, suggesting
intoxication.  See Lewis v. State, 191 S.W.3d 335, 341 (Tex. App.—Waco
2006, pet. ref’d).  He argues these results are unreliable, however, because
Vagliente did not tell him to continue following the stimulus until
instructed to stop.

Appellant’s argument
derives from a strained reading of Vagliente’s testimony under
cross-examination, when the witness attempted to recall the instructions he
gave to appellant before administering the HGN test:

I instructed [appellant] to put his heels together.  Put
his hands down by his side.  I asked [appellant], without moving his head and
with his eyes only to follow my pen, tip of my finger on top of my pen, and
without moving his head, just his eyes, for him to follow – follow my pen as I
move it across his eyes.

 

Then,
the following exchange occurred:

Q.        And is that the way the instructions are in the
NHTSA manual?

A.        Yes, sir.

. . . .

Q.        [The] NHTSA manual tells you to follow the
stimulus until you specifically tell him to stop.

A.        Yes, sir.

Q.        You didn’t say that to the jury, did you?

A.        No, sir.  I don’t remember exactly word for word.

Q.        So you don’t really remember word for word what
these instructions are, do you?

A.        Not without – not off the top of my head, sir.  I
usually have the field manual out there when I’m on patrol.

Q.        You carry this NHTSA manual out there with you.

A.        Not the NHTSA manual but it’s condensed in a
smaller –

 

Appellant construes this
testimony as a concession that Vagliente “did not instruct appellant to follow
the stimulus until he was instructed to stop, as is required by NHTSA.”  We
disagree.  The highlighted testimony does not indicate that Vagliente failed to
properly administer appellant’s HGN test, but instead shows only that, during
his testimony, he could not recall all of the instructions contained in his
condensed NHTSA manual.  Therefore, even were we to assume the omission of this
instruction might affect the validity of the test results,[1] the record does
not support appellant’s claim.  Accordingly, the jury could properly consider
and give weight to the HGN test results in reaching a verdict in this case.

Moreover, exclusion of
the HGN test results as unreliable, as appellant requests, would not change the
outcome because the remaining evidence is still legally sufficient to support
appellant’s conviction.  As the Court of Criminal Appeals recently observed:

[E]vidence that would logically raise an inference that the
defendant was intoxicated at the time of driving . . . includes, inter alia,
erratic driving, post-driving behavior such as stumbling, swaying, slurring or
mumbling words, inability to perform field sobriety tests or follow directions,
bloodshot eyes, any admissions by the defendant concerning what, when, and how
much he had been drinking – in short, any and all of the usual indicia of
intoxication.

 

Kirsch
v. State, No. PD-0379-09, ___ S.W.3d ___, 2010 WL 447437, at *5 (Tex. Crim.
App. Feb. 10, 2010).  Here, the record reflects several examples of these
“indicia of intoxication.”

Jessica Ziegmont, an
eyewitness to the accident, testified that appellant was driving erratically
and at a high speed when he lost control of his vehicle and collided with a
highway guardrail and light post.  See Hennessy v. State, 268 S.W.3d
153, 162 (Tex. App.—Waco 2008, pet. ref’d) (holding erratic driving to be
evidence of intoxication); Chaloupka v. State, 20 S.W.3d 172, 175 (Tex.
App.—Texarkana 2000, pet. ref’d).  Several witnesses observed his slurred
speech and bloodshot eyes; further, he was described as confused, stumbling,
and unable to stand without assistance.  See Cotton v. State, 686 S.W.2d
140, 142 n.3 (Tex. Crim. App. 1985) (listing several indicators of
intoxication, including slurred speech, bloodshot eyes, unsteady balance, and
staggered gait); Hennessy, 268 S.W.3d at 162; Lewis, 191 S.W.3d at
341; Chaloupka, 20 S.W.3d at 175.  Vagliente detected a strong odor of
alcohol on appellant’s breath, and Ziegmont confirmed that the accident scene
“smelled of alcohol.”  See Cotton, 686 S.W.2d at 142 n.3; Lewis,
191 S.W.3d at 341; Chaloupka, 20 S.W.3d at 175.  

In fact, appellant
admitted he had been drinking beer, see Hennessy, 268 S.W.3d at 162, and
the jury was permitted to infer intoxication from his refusal to submit to a
breath test.  See Gaddis v. State, 753 S.W.2d 396, 399 (Tex. Crim. App.
1988); Lewis, 191 S.W.3d at 341; Burkett v. State, 179 S.W.3d 18,
26–27 (Tex. App.—San Antonio 2005, no pet.).  Finally, Vagliente opined, based
on the evidence described above, that appellant was intoxicated.  See
Hartman v. State, 198 S.W.3d 829, 835 (Tex. App.—Corpus Christi 2006, pet.
struck) (“[T]he testimony of an officer that a person is intoxicated provides
sufficient evidence to establish the element of intoxication.”) (citations
omitted).

Thus, considering all of
this evidence in the light most favorable to the verdict, we hold a rational
jury could have found appellant guilty, beyond a reasonable doubt, of driving
while intoxicated.  See Reed, 158 S.W.3d at 46.  Therefore, we overrule
appellant’s second issue.

2.         Factual Sufficiency

In his third issue,
appellant challenges the factual sufficiency of the proof of intoxication. 
Notwithstanding all of the foregoing evidence, appellant argues his innocence
was overwhelmingly established by the mere fact that he was able to complete
subsequent sobriety tests conducted at the police station.  He therefore
concludes that, viewed in a neutral light, the evidence of intoxication is
greatly outweighed by this contrary proof, which was documented on a videotape
shown to the jury.  See Vodochodsky, 158 S.W.3d at 510; Reed, 158
S.W.3d at 46–47.  We disagree.

A conviction under
section 49.04 requires the State to prove that the accused was intoxicated “while
operating a motor vehicle in a public place.”  Tex. Penal Code Ann. §
49.04(a) (emphasis added); see Chaloupka, 20 S.W.3d at 175 (“The State
had to prove not that Chaloupka was intoxicated when the state trooper arrived,
but that he had been intoxicated while driving on a public roadway.”).  The
sobriety tests depicted in the videotape, however, were conducted more than two
hours after the collision, affording appellant some opportunity to – as
one testifying officer termed it – “sober up.”  See Yates v. State, 1
S.W.3d 277, 280 (Tex. App.—Fort Worth 1999, pet. ref’d) (finding evidence
factually sufficient to support DWI conviction despite videotape, taken ninety
minutes later, in which defendant appeared sober).[2]  

The jury watched both
the witnesses’ testimony and the videotape and, as the sole factfinder, could
freely decide the weight and value to be assigned to each.  See Cuong Quoc
Ly v. State, 273 S.W.3d 778, 781 (Tex. App.—Houston [14th Dist.] 2008, pet.
ref’d); Hartman, 198 S.W.3d at 837.  Given the passage of time before
the events depicted in the videotape, we cannot fault the jury’s apparent
decision to assign more probative value to the more contemporaneous evidence of
intoxication found at the accident scene.  See Yates, 1 S.W.3d at 280. 
Accordingly, we hold the evidence is factually sufficient to support the
conviction, and overrule appellant’s third issue.

III.

Jury Charge Error

Finally, appellant
complains about the trial court’s refusal to grant a mistrial after the
verdict, when it was discovered that the jury charge submitted to the
jury differed slightly from the version read aloud before final arguments.  We
review the trial court’s ruling on a motion for mistrial under the
abuse-of-discretion standard of review.  Webb v. State, 232 S.W.3d 109,
112 (Tex. Crim. App. 2007).  That is, we consider the evidence in the light
most favorable to the ruling and will uphold the decision if it was within the
zone of reasonable disagreement.  Id.  We cannot substitute our judgment
for the trial court’s; therefore, we will reverse only if no reasonable view of
the record could support the trial court’s decision.  See id.

The difference in the
two jury charges[3]
involves the definition of the word “intoxicated.”  When reading the charge
aloud, the trial court stated, “’Intoxicated’ means not having the normal use
of mental or physical faculties by reason of the introduction of a substance
into the body.”[4] 
The charge as submitted, however, replaced the words “a substance” with
“alcohol.”  

Apparently, no one
discovered the discrepancy until after the verdict, when appellant asked to
inspect the charge given to the jury.  He then objected that the charge, as
submitted, had not been approved by counsel or the trial court, and he moved
for a mistrial.  In response, the trial court re-submitted the “correct” charge
– that is, the version originally approved by counsel and read aloud in open
court – to the jury, which reached the same verdict as before.[5]  However, the
trial court declined to grant a mistrial, describing the word substitution as a
“de minimis difference in terms of its impact on the jury’s verdict.”[6]

Here, appellant
disagrees with the trial court’s estimation of the impact of the word “alcohol”
on the jury’s verdict.  He contends that, despite the submission of a second
charge containing the approved wording, the jury’s verdict was incurably
tainted by the reference to “alcohol” in the first charge:

Appellant expressed his defensive strategy during summation
when trial counsel argued that ingesting a substance, like a cup of coffee, may
make a person feel different than normal, but does not equate to losing the
normal use of mental or physical faculties. . . .

            . . . .

            The submission of the conflicting definition of
intoxication, as the loss of normal use of mental or physical faculties due to
the introduction of alcohol into the body, indelibly impressed upon the
jurors that appellant had consumed alcohol.  Appellant’s defensive theory,
substances which may cause a person to feel different than normal do not always
lead to the conclusion that the normal use of mental or physical faculties have
been lost, was inexplicably destroyed when the jury was left only to consider
the effects of alcohol. . . .  Had counsel objected, the court would have
sustained the error, instructed the jury with the proper jury charge, and
appellant’s defensive theory would have remained intact.[7]

 

Appellant’s argument, as
we read it, apparently relies on the unsupported premise, highlighted above,
that the jury-charge definition of the word “intoxicated” should have omitted
any reference to alcohol.[8] 
However, the definition of “intoxicated” submitted in the first charge fairly
tracks the statutory meaning of the word:  “’Intoxicated’ means . . . not
having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, a dangerous
drug, a combination of two or more of those substances, or any other substance
into the body[.]”  Tex. Penal Code Ann. § 49.01(2)(A) (Vernon 2003) (emphasis
added).  Generally, a trial court does not err by including a statutory
definition in a jury charge.  See Martinez v. State, 924 S.W.2d 693, 699
(Tex. Crim. App. 1996) (“Following the law as it is set out by the Texas
Legislature will not be deemed error on the part of a trial judge.”); Drew
v. State, 76 S.W.3d 436, 455 (Tex. App.—Houston [14th Dist.] 2002, pet.
ref’d).  Moreover, the State need not prove the particular substance causing
intoxication.  Gray v. State, 152 S.W.3d 125, 132 (Tex. Crim. App.
2004).

Nevertheless, appellant
suggests the mere reference to alcohol in the charge somehow undermined a “defensive
theory” that he was not, in fact, intoxicated.  Specifically, appellant
contended during closing argument that his behavior at the accident scene, if
abnormal, did not demonstrate a loss of his normal mental or physical
faculties:

            And I know this prosecutor is going to want you
to believe that [intoxication] means that you’re just not normal.  Well, folks,
that’s not what the law says because there are things that make us feel not
normal all the time.  If we drink a cup of coffee, sure, we might be a little
bit more alert than we normally are.  We might feel a little bit different than
normal but we absolutely still have the use of our – normal use of our mental
and physical faculties.  If we are happy, we might feel a little bit different
than normal; but we still have the use of our mental and physical faculties.

 

Appellant does not
explain how the insertion of “alcohol” into the definition of “intoxicated”
somehow deprived him of a fair trial.  To the extent he attributed his behavior
at the accident scene to something other than intoxication, the jury impliedly
rejected that contention.  That is, by convicting him under the “impairment”
theory of intoxication argued by the State, the jury necessarily found that
appellant lost the normal use of his mental or physical faculties.  See
Tex. Penal Code Ann. §§ 49.01(2)(A), 49.04(a); Bagheri v. State, 119
S.W.3d 755, 756 n.1 (Tex. Crim. App. 2003).  Thus, we cannot see how a passing
reference to alcohol in the first charge unfairly impinged on appellant’s
rights or the validity of the jury’s verdict.[9]

Appellant has not
demonstrated that the trial court abused its discretion by declining to grant a
mistrial, a device used in situations “when error is so prejudicial that
expenditure of further time and expense would be wasteful and futile.”  Ladd
v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  Therefore, we overrule
appellant’s first issue.

IV.

Conclusion

Finding no merit in the
issues presented, we affirm the judgment of conviction.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] But see Compton,
120 S.W.3d at 378–79 (holding HGN test results were reliable despite officer’s
deviation from instructions contained in DWI Detection Manual).





[2] See also, e.g.,
Kennemur v. State, 280 S.W.3d 305, 310–11 (Tex. App.—Amarillo 2008, pet.
ref’d) (explaning metabolic process in which a person’s blood-alcohol content
diminishes over a period of hours).





[3] For the sake of clarity,
we will occasionally refer to the charge originally submitted to the jury as
“the first charge,” and the version given following appellant’s post-verdict
objection as “the second charge.”





[4] Emphasis added.





[5] In his brief, appellant
also protests the submission of the second charge, claiming the trial court
violated two separate provisions of the Code of Criminal Procedure.  First,
citing article 36.16, he argues the trial court was powerless to amend the jury
charge after the verdict.  See Bustillos v. State, 464 S.W.2d
118, 125–26 (Tex. Crim. App. 1971) (“In light of the purpose of [article 36.16]
the court may before verdict withdraw and correct its charge if convinced
an erroneous charge has been given.”) (emphasis added); but see, e.g.,
Shannon v. State, 115 Tex. Crim. 249, 252, 30 S.W.2d 331, 332–33 (1929)
(recognizing trial courts’ ability to correct informal or contradictory
verdicts).  Second, he contends that, under article 36.27, the additional
instructions contained in the second charge should have been given to the jury
in open court, and not delivered by the bailiff to the jury room.  See
Tex. Code Crim. Proc. Ann. art. 36.27 (Vernon 2006).  However, appellant did
not present these objections to the trial court; therefore, they are waived.  See
Tex. R. App. P. 33.1(a); Hawkins v. State, 660 S.W.2d 65, 81 (Tex. Crim.
App. 1983); Harris v. State, 736 S.W.2d 166, 166–67 (Tex. App.—Houston
[14th Dist.] 1987, no pet.).





[6] Emphasis added.





[7] Emphasis added.





[8] To the extent appellant’s
argument may be read as objecting to the word “alcohol” as an improper comment
on the weight of the evidence, that complaint was waived by appellant’s failure
to raise that objection below.  See Sharp v. State, 707 S.W.2d 611, 619
(Tex. Crim. App. 1986).





[9] In fact, appellant arguably
benefited from the narrower definition of “intoxication” in the first charge to
the extent the jury may have believed it had to unanimously agree on alcohol as
the intoxicant.  By contrast, the second charge, approved by defense counsel,
seemingly required the jury to find only that appellant lost the normal use of
his mental or physical faculties by introducing any substance.