Opinion issued February
24, 2011

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00400-CR

———————————

RAFAEL BERNARD SMITH, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 185th District
Court

Harris County, Texas



Trial Court Case No. 1261100

 



 

MEMORANDUM  OPINION

          A
jury found appellant, Rafael Bernard Smith, guilty of the offense of possession
of phencyclidine (“PCP”) weighing less than one gram by aggregate weight,
including adulterants and dilutants.[1]  After appellant pleaded true to two
enhancement allegations, the jury assessed punishment at nine years in prison
and a $10,000 fine.  In one issue,
appellant challenges the sufficiency of the evidence to support his conviction.

          We affirm.

Background

          Officers D. Caballero and
G. Olvera of the Houston Police Department were on patrol when they saw a car
change lanes without signaling, which is a traffic violation.  After the officers activated their emergency
lights, the car, driven by appellant, pulled into a service station.  

Officer Caballero approached the driver’s
side of the car and instructed appellant to roll down his window.  Appellant was the only occupant in the
car.  Because the window would not roll
down, appellant opened the driver’s side door. 
An odor came from the car that Officer Caballero recognized from his
training as PCP.  

          Officer Caballero asked
appellant for his driver’s license and insurance.  Appellant appeared confused by the request
and fumbled through his wallet.  At that
point, Officer Caballero believed there was probable cause to search
appellant’s car for narcotics.  The
officer requested appellant to step from the car. 

As he escorted appellant to the
patrol car, Officer Caballero observed that appellant appeared to be physically
and mentally impaired.  Appellant was
swaying and needed Officer Caballero’s assistance to walk.  Appellant’s pupils were dilated; his speech
was slurred, and he was incoherent.  

While Officer Caballero walked
appellant to the patrol car, Officer Olvera stood by the driver’s side of appellant’s
car.  Officer Olvera also smelled an odor
coming from the vehicle.  From his
professional experience, Officer Alvaro recognized the odor as PCP.  In plain view, the officers saw a small glass
vial with a black cap on the driver’s side floorboard.  From past experience, the officers knew that
this is the manner in which PCP is typically packaged.  Officer Olvera retrieved the vial and saw
that it contained a liquid.  

In conducting an inventory of the
vehicle, the officers found a number of bottles of prescription
medication.  Appellant’s name was on the
bottles as the person authorized to take the medication.  Officer Caballero later testified that the
prescriptions appeared valid.  Officer
Caballero did not know for what medical conditions the medications were prescribed.  

Appellant was later indicted for
possession of a controlled substance, namely PCP, weighing less than one gram
by aggregate weight, including adulterants and dilutants.  At trial, the State presented the testimony
of Officers Caballero and Olvera.  The
State also presented the testimony of the employee from the police department’s
crime lab, who had tested the substance in the vial recovered from appellant’s
car.  The employee testified that her
analysis of the substance revealed it was 0.3443 grams of PCP, including
adulterants and dilutants.

The jury found appellant guilty of
the charged offense and assessed punishment at nine years in prison and a
$10,000 fine.  This appeal followed.

Sufficiency of the Evidence

In one point of error, appellant
contends that the evidence is legally and factually insufficient to support his
conviction.  Specifically, appellant
contends that the State failed to prove that he knowingly possessed the PCP, an
element of the charged offense.  See Tex. Health & Safety Code Ann. §§
481.002(38), 481.102(8), 481.115(a)–(b)
(Vernon 2010).

A.      Standard of Review

This Court reviews
sufficiency-of-the-evidence challenges applying the same standard of review,
regardless of whether an appellant presents the challenge as a legal or a
factual sufficiency challenge.  See Ervin v. State, No. 01-10-00054-CR,
2010 WL 4619329, at *2–4 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, pet. filed) (construing majority
holding of Brooks v. State, 323
S.W.3d 893 (Tex. Crim. App. 2010)).  This
standard of review is the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979).  See id.  Pursuant to this
standard, evidence is insufficient to support a conviction if, considering all
the record evidence in the light most favorable to the verdict, no rational
fact finder could have found that each essential element of the charged offense
was proven beyond a reasonable doubt.  See Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; In re Winship, 397 U.S. 358,
361, 90 S. Ct. 1068, 1071 (1970); Laster
v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  We can hold evidence to be insufficient under
the Jackson standard in two
circumstances: (1) the record contains no evidence, or merely a “modicum” of
evidence, probative of an element of the offense, or (2) the evidence
conclusively establishes a reasonable doubt.  See
Jackson, 443 U.S. at 314, 318 n. 11, 320, 99 S. Ct. at 2786, 2789 n. 11,
2789; see also Laster, 275 S.W.3d at
518; Williams, 235 S.W.3d at 750.

The sufficiency-of-the-evidence
standard gives full play to the responsibility of the fact finder to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  An appellate court presumes that the fact
finder resolved any conflicts in the evidence in favor of the verdict and
defers to that resolution, provided that the resolution is rational.  See
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.  In viewing the record, direct and
circumstantial evidence are treated equally; circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.  Clayton,
235 S.W.3d at 778.  Finally, the
“cumulative force” of all the circumstantial evidence can be sufficient for a
jury to find the accused guilty beyond a reasonable doubt.  See
Powell v. State, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

B.      Elements of the Offense and Pertinent
Legal Principles

A person commits an offense if he
knowingly or intentionally possesses less than one gram of PCP, including
adulterants and dilutants.  See Tex.
Health & Safety Code Ann. §§ 481.102(8), 481.115(a)–(b).  To prove possession, the State must show the
accused (1) exercised control, management, or care over the contraband and (2)
knew the substance possessed was contraband.  Evans v.
State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); Roberts v. State, 321 S.W.3d 545, 548 (Tex. App.—Houston [14th
Dist.] 2010, pet. ref’d).  Possession may
be proved through either direct or circumstantial evidence.  Poindexter
v. State, 153 S.W.3d 402, 405–406 (Tex. Crim. App. 2005); see also Rice v. State, 195 S.W.3d 876, 881 (Tex. App.—Dallas 2006, pet. ref’d) (stating jury could
infer knowing or intentional possession of contraband).  

If a defendant is not in exclusive
possession of the place where the illegal drugs are found, then additional
independent facts and circumstances must link the defendant to the contraband
in such a way that it can be concluded that he had knowledge of the contraband
and exercised control over it.  See Batiste v. State, 217 S.W.3d 74, 79–80
(Tex. App.—Houston [1st Dist.] 2006, no
pet.); Roberson v. State, 80 S.W.3d
730, 735 (Tex. App.—Houston
[1st Dist.] 2002, pet. ref’d).  Such linkage
generates a reasonable inference that the defendant knew of the contraband and
exercised control over it.  See Roberson, 80 S.W.3d at 735.  Proof of a link between the defendant and the
illegal drugs is needed primarily to establish knowledge or intent.  Id.  It is not sufficient to show the defendant was
merely present in the vicinity of the contraband.  Batiste,
217 S.W.3d at 80.  Whether this evidence
is direct or circumstantial, it must establish, to the requisite level of
confidence, that the defendant’s connection with the drug was more than
fortuitous.  Poindexter, 153 S.W.3d at 405–06. 
The link between the defendant and the illegal drugs need not be so
strong that it excludes every other outstanding reasonable hypothesis except
the defendant’s guilt.  See Brown v. State, 911 S.W.2d 744, 748
(Tex. Crim. App. 1995).  

Possible links include, but are not
limited to, the following: (1) whether the defendant was present when the
search was conducted; (2) whether the contraband was in plain view; (3) whether
the defendant was in close proximity to and had access to the contraband; (4)
whether the defendant was under the influence of narcotics when arrested; (5)
whether the defendant possessed other contraband or narcotics when arrested;
(6) whether the defendant made incriminating statements when arrested; (7)
whether the accused attempted to flee; (8) whether the defendant made furtive
gestures; (9) whether there was an odor of contraband; (10) whether other
contraband or drug paraphernalia was present; (11) whether the defendant owned
or had the right to possess the place where the drugs were found; (12) whether
the place where the drugs were found was enclosed; (13) whether the defendant
was found with a large amount of cash; and (14) whether the conduct of the
defendant indicated a consciousness of guilt.  Evans v.
State, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); Lair v. State, 265 S.W.3d 580, 600 (Tex.
App.—Houston [1st Dist.] 2008, no pet.).

In deciding whether the evidence is
sufficient to link a defendant to contraband, the fact finder is the exclusive
judge of the credibility of the witnesses and the weight to be given to their
testimony.  Poindexter, 153 S.W.3d at 406.  The link between the defendant and the
contraband need not be so strong that it excludes every other outstanding
reasonable hypothesis except the defendant’s guilt.  Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  No formula of facts exists to dictate a
finding of links sufficient to support an inference of knowing possession.  See
Taylor v. State, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).  A factor that is of little or no value in one
case may be the turning point in another.  See Nhem
v. State, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  When determining whether the defendant knew
that he possessed contraband, the jury is allowed to infer the defendant’s
knowledge from his acts, conduct, remarks, and from the surrounding
circumstances.  See Krause v. State, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).  In sum, it is the logical force of the
evidence, and not the number of links, that supports a fact finder’s verdict.  Evans,
202 S.W.3d at 166.

With these principles in mind, we
turn to appellant’s arguments and the evidence in the record.  

C.      Analysis

To support his sufficiency
challenge, appellant points out that the State presented no evidence regarding a
number of the link factors.  Appellant also
relies on Officer Caballero’s testimony that valid prescription medications
issued to appellant had been found in the car. 
Appellant points out that the State did not show that his physical and
mental impairment at the scene was caused by PCP.  Although no evidence was offered to establish
why appellant was taking the prescription medication found in the car, appellant
suggests that his conduct and demeanor at the scene were attributable either to
the prescription drugs or to the underlying medical condition for which he was
prescribed the medication.  

Appellant also points out that the
State never showed that he was the owner of the vehicle he was driving.  Officer Olvera testified that he thought that
he had determined who owned the vehicle but could not remember whether he had
determined that appellant owned the car. 
Appellant also cites evidence that he was cooperative with the officers
and did not make incriminating statements. 


Appellant asserts that the jury had
to make too many inferences to convict him. 
Appellant acknowledges that the officers testified that there was
evidence of an odor of narcotics, but asserts that the jury could not, without
more, infer that appellant knew the odor was a controlled substance.  

Generally, appellant accurately
cites the record.  Nonetheless,
appellant’s analysis does not appropriately view the evidence in the light most
favorable to the verdict and improperly discounts significant evidence, which
links him to the PCP.  

The absence of various affirmative
links does not constitute evidence of innocence to be weighed against the
affirmative links that are present.  James v. State, 264 S.W.3d 215, 219
(Tex. App.—Houston [1st Dist.] 2008, pet. ref’d).  Moreover, proof that appellant owned the car
was not necessary to establish a knowing possession of the PCP.  Appellant was driving the car and was its sole
occupant; this linked appellant to the PCP in a significant manner.  See Hyett
v. State, 58 S.W.3d 826, 831 (Tex. App.—Houston [14th Dist.] 2001, pet.
ref’d) (holding evidence sufficient
to show knowing possession in case in which defendant was sole occupant of car
that he controlled but did not own, crack pipe was not present immediately
before defendant entered car, and cocaine was in plain view and in close
proximity to defendant); see also Harmond
v. State, 960 S.W.2d 404, 405 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (holding evidence was legally
sufficient to support defendant’s conviction for possession of cocaine when
evidence showed that defendant was sole occupant and driver of the car in which
a makeshift crack pipe containing cocaine was found in plain view on floorboard
between front bucket seats).  

In addition, the State was not
required to establish that appellant’s impairment was caused by the PCP rather
than the prescription drugs found in the car. 
Nor was the State required to establish that appellant knew that the
odor emanating from the car was PCP.  Rather,
the jury was entitled to weigh and to resolve conflicts in the evidence presented
and to draw reasonable inferences therefrom.  See Clayton, 235 S.W.3d at 778.  From the evidence, the jury could have
reasonably inferred that appellant’s impairment was caused by PCP and that he
was aware of the odor.  We also note that
the State is not required to disprove alternative reasonable hypotheses, such
as whether appellant was impaired from the PCP or from prescription drugs.  See Chaloupka
v. State, 20 S.W.3d 172, 175 (Tex. App.—Texarkana 2000, pet. ref’d).  

As discussed, the State offered the
following evidence linking appellant to the PCP:

•        
Appellant was the driver and sole occupant of the car in the PCP was
recovered; 

 

•        
The PCP was found on the driver’s side floorboard, easily accessible to
appellant;

 

•        
The vial containing the PCP was plainly visible to the officers;

 

•        
The officers and the crime lab employee testified that the odor emanating
from the vial of PCP was strong and distinct; and

 

•        
At the scene, the officers formed the opinion that appellant was
impaired.  Appellant was swaying and needed
Officer Caballero’s help to walk. 
Appellant’s speech was slurred, his pupils were dilated, and he was
incoherent.  

 

The circumstantial evidence
outlined above, when viewed in combination, constitutes ample evidence
connecting appellant to the actual care, custody, control or management of the PCP
such that a jury could have reasonably inferred that appellant knowingly possessed
it.[2]  See
Evans, 202 S.W.3d at 166.  Although
appellant cites link factors on which the State presented no evidence, as well
as evidence that weighs in his favor, “[i]t is the logical force of the
circumstantial evidence, not the number of links, that supports a jury’s
verdict.”  See id.  Viewing the evidence
in a light most favorable to the verdict, we conclude that a rational fact finder
could have found beyond a reasonable doubt that appellant knowingly possessed
the PCP.  See Hyett, 58 S.W.3d at 831; Harmond,
960 S.W.2d at 405.  Accordingly, we hold
that the evidence is sufficient to support the judgment of conviction.

We overrule appellant’s sole point
of error.

 

 

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices
Jennings, Higley, and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Health & Safety Code Ann.
§§ 481.102(8), 481.115(a)–(b) (Vernon 2010).





[2]           Appellant cites Blackman v. State, No. 01-08-00138-CR, 2009 WL 5064763 (Tex.
App.—Houston [1st Dist.] 2009, pet. granted) and King v. State, 254 S.W.3d 579, (Tex. App.—Amarillo 2008, pet. ref’d) to support his
sufficiency challenge.  We note that the
facts of those cases are distinct from the instant one in significant
aspects.  In Blackman, the appellant was the passenger, not the driver, of the
van in which the narcotics were found.  See 2009 WL 5064763, at *10.  We held that appellant’s mere presence in the
van was not sufficient to link him to the narcotics and establish the element
of possession.  See id.  In King, the appellant was convicted of
money laundering.  See King, 254 S.W.3d at 580. 
The court of appeals held that the State’s evidence showing that a drug
dog had alerted on the appellant’s luggage, which contained $30,000 in cash,
was legally insufficient to show that the appellant was transporting the proceeds
of a narcotics’ sale.  See id. at 584–85.  In his brief, appellant fails to account for the
critical distinctions between this case and the cases that he cites.  After considering the cited authority, we
conclude that Blackman and King are of limited assistance to the
sufficiency analysis in this case.