# NO. 12-16-00039-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN LOPEZ-FLORES,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY CRIMINAL COURT NO. 4* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *DALLAS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Juan Lopez-Flores appeals his conviction for assault, family violence. Appellant raises four issues on appeal. We affirm.

### BACKGROUND

Appellant was charged by indictment with assault, family violence. The indictment alleged that Appellant committed the offense against his wife, Delia Lopez, by intentionally, knowingly, and recklessly causing bodily injury to her by grabbing, squeezing, and pushing her. Appellant pleaded "not guilty."

The State and Appellant previously had announced ready for a trial. But on the October 14, 2015, trial date, the State requested a continuance so that it could obtain recently discovered records of jail phone calls between Appellant and Delia.

Appellant opposed the State's motion for continuance, but, in the alternative, argued that if the court granted the continuance, it should allow him to be released from jail on a personal recognizance bond. The State did not oppose Appellant's request, and the court reset the jury trial for October 27, 2015.

On October 15, 2015, the State filed a notice of flight risk, notifying the trial court that Appellant had been placed on a detainer by the Immigration and Customs Enforcement Division

of the Department of Homeland Security. The trial court revoked Appellant's bond, and Appellant was again incarcerated pending trial.

At trial, Delia testified that, on Saturday, April 26, 2015, she returned from a birthday party with her children where she found Appellant, who was intoxicated. She further testified that when she encountered Appellant, he erupted into a rage toward her because she was not caring for him and shouted, "You're worthless!" Delia stated that she responded, "If I'm worthless, then you need to go your way and I'll go my way. We don't need to be married no more because I think I've done the best I could as being a wife."

Delia testified that she retreated to their bedroom, but Appellant kicked in the bedroom door and grabbed her on her arm and around her neck. She further testified that Appellant pushed her against the bed railing and the bedroom wall. Delia initially stated she did not feel pain in her back, but did feel pain from the "strong" pressure Appellant had exerted on her chest. She further stated that Appellant demanded she give him his loaded .45 caliber handgun so he could "finish" her off. Delia testified that she was not too worried about any pain in her back at this time, but was concerned for her and her children's safety. She further testified that when she began shouting for help, Appellant left the apartment and she dialed 9-1-1. The Dallas police department investigated the incident. The matter also was reported to the apartment complex's security.

Appellant later returned to the apartment complex. While attempting to kick in the back door to the apartment, he was confronted by the apartment complex's security guard, Nawaf Jameel. Jameel testified that Appellant was in a violent rage and appeared determined to harm Delia.

Dallas Police Department Patrol Officer Holly Carter testified that she interviewed Delia following her 9-1-1 call for the purpose of filling out a family violence packet. Delia told Carter that she was in pain and feared what Appellant would do to her.

Dallas Police Department Patrol Officer Michael Slay testified that he arrested Appellant following Delia's detailed description of Appellant's attack on her. He testified that she clearly was "in fear [for] her life and for her kids' life." Delia also turned over Appellant's loaded handgun to the police.

After the State rested its case, Appellant moved for a directed verdict based on Delia's purportedly inconsistent testimony regarding whether she suffered pain. The trial court denied

Appellant's motion. Ultimately, the jury found Appellant "guilty" of assault, family violence, and the trial court sentenced Appellant to confinement for 180 days. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant contends the trial court erroneously denied his motion for directed verdict based on the State's failure to prove that Delia felt pain. In his second issue, Appellant challenges the sufficiency of the evidence to support his conviction.

### Standard of Review

When reviewing a judgment for legal sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Viewing the evidence "in the light most favorable to the verdict" under a legal sufficiency standard means that the reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witness's credibility and the weight to be given to their testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

The duty of the reviewing court is simply to ensure that the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the offense charged. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). When the reviewing court is faced with a record supporting contradicting inferences, the court must presume that the jury resolved any such conflicts in favor of the verdict, even if not explicitly stated in the record. *Id*. Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone may be sufficient to establish guilt. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). A challenge to the denial of a motion for directed verdict is essentially a challenge to the legal sufficiency of the evidence. *Rice v. State*, 195 S.W.3d 876, 879 (Tex. App.–Dallas 2006, pet. ref'd.).

### Applicable Law

A person commits assault, family violence, when he intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2016). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id*. at § 1.07(8) (West Supp. 2016). This definition

encompasses even relatively minor physical contact if it constitutes more than offensive touching. *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). Direct evidence that a victim suffered pain is sufficient to show bodily injury. *Id*. Moreover, a factfinder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it. *See Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012).

## Analysis

In ruling on Appellant's motion for directed verdict, the trial court stated it was denying the motion because there was "a scintilla of evidence" of pain suffered by Delia. Appellant contends that a "scintilla of evidence" is like the "modicum" of evidence described by the United States Supreme Court in *Jackson*. We disagree. In *Jackson*, the Supreme Court stated that a "modicum" of evidence was relevant evidence that had a tendency to make the existence of an element of a crime slightly more probable than it would be without the evidence. *Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789. In other words, the U.S. Supreme Court was referring to legally sufficient evidence needed to sustain a conviction. *Id*.

On the other hand, the scintilla-of-evidence rule is a common law doctrine setting forth that even if the slightest amount of relevant evidence exists on an issue, a motion for directed verdict should not be granted and the issue must go to the jury. *See scintilla-of-evidence rule*, BLACK'S LAW DICTIONARY (10th ed. 2014). The "modicum" of evidence referred to by the Supreme Court refers to legally sufficient evidence to sustain a conviction. A scintilla of evidence refers to the amount of relevant evidence needed to defeat a motion for direct verdict. The trial court determined there was a scintilla of evidence regarding the pain suffered by Delia and, as a result, allowed the matter to proceed to the jury for consideration.

The jury heard testimony from Delia about the pain she suffered. And while, in one instance, she stated that she did not feel pain in her back because of her fear for her life and her children's lives, at other points during her testimony, she specifically described feeling pain. We are mindful that the jury could have resolved any conflicts in Delia's testimony in favor of the verdict. *See Montgomery*, 369 S.W.3d at 192. The jury also was permitted to infer that Delia felt pain based on her description of the assault. *See Garcia*, 367 S.W.3d at 688. Thus, we hold that there was legally sufficient evidence to support the jury's verdict. Because the evidence is legally sufficient to support the jury's verdict, we further hold that the trial court did not err in

denying Appellant's motion for directed verdict.  *See Rice*, 195 S.W.3d at 879.  Appellant's first and second issues are overruled.

**MOTION FOR CONTINUANCE**

In his third issue, Appellant contends that the trial court abused its discretion by granting the State's motion for continuance because the State failed to demonstrate good cause.  *See* TEX. CODE CRIM. PROC. ANN. § 29.02 (West 2006) ("a criminal action may be continued by consent of the parties thereto, in open court, at any time on a showing of good cause, but a continuance may only be for as long as it is necessary").

The granting of an oral motion for continuance is within the sound discretion of the trial court and is reviewable only for an abuse of discretion.  *See Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); *O'Raaden v. State*, 777 S.W.2d 455, 459 (Tex. App.–Dallas 1989, pet. ref'd.).  An appellant must show that he was actually prejudiced by the trial court's decision to grant the continuance.  *Williams v. State*, 172 S.W.3d 730, 733 (Tex. App.–Fort Worth 2005, pet. ref'd) (citing *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex.Crim.App.2002)).

In the instant case, the record reflects that the Appellant opposed the motion for continuance.  Therefore, Article 29.02's provision for a continuance by agreement is inapplicable.  Accordingly, we must determine whether the trial court abused its discretion in granting the continuance.  Appellant contends that he spent one hundred eighty-six days in jail because the jury trial was continued from October 14, 2015, to October 27, 2015.  The maximum punishment for the Class A misdemeanor with which he was charged was one hundred eighty days.  *See* TEX. PENAL CODE ANN. § 22.01(b) (West Supp. 2016).  Moreover, whether the inability to avoid or circumvent punishment enhancements is the type of "prejudice" meant to be avoided by the granting of the motion for continuance is questionable.  *Williams v. State*, 172 S.W.3d 730, 733 (Tex. App.–Fort Worth 2005, pet ref'd.).

In the instant case, Appellant has presented no support for his assertion that he was prejudiced by spending an extra six days in jail past his potential maximum sentence.  *See id*. Without any such support or legal authority offered to support Appellant's contention that he was prejudiced, we cannot hold that the trial court abused its discretion in granting the State's motion for continuance.  *See id.*  Appellant's third issue is overruled.

In his fourth issue, Appellant contends that the trial court violated his Sixth Amendment right to a speedy trial. The State responds that Appellant waived his right to a speedy trial and, alternatively, he failed to make the required threshold showing that he was prejudiced.

In assessing whether Appellant has been deprived of his right to a speedy trial, we consider the length of delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and prejudice to the defendant. *See **Barker v. Wingo***, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972). However, before a court engages in an analysis of each ***Barker*** factor, the accused must first make a threshold showing that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." ***Gonzalez v. State***, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014) (citing ***Doggett v. U.S***., 505 U.S. 647, 651–52, 112 S. Ct. 2682, 2686, 120 L. Ed. 2d 520 (1992)). The Texas Court of Criminal Appeals has set forth that "presumptive prejudice" simply marks the point in which courts deem the delay unreasonable enough to trigger further enquiry. *See **id***. (citing ***State v. Munoz***, 991 S.W.2d 818, 821–22 (Tex. Crim. App. 1999)). The length of the delay is measured from the time the defendant was arrested or formally accused. ***State v. Thomas***, 453 S.W.3d 1, 4 (Tex. App.–Dallas 2014, pet. ref'd.) (citing ***Shaw v. State***, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003)).

Even if we assume, without deciding, that Appellant preserved error, his contention that his Sixth Amendment rights were violated fails. Appellant's trial took place six months following his arrest. In ***Thomas***, the defendant's trial took place seven months after his arrest. ***Id***. There, the court determined that the defendant failed to make the initial showing that "the interval between accusation and trial has crossed the threshold between ordinary from 'presumptively prejudicial' delay." ***Id***. at 5 (citing ***Gonzalez***, 435 S.W.3d at 808). When there is no "presumptively prejudicial" delay to trigger a Sixth Amendment analysis, there is no reason to consider the remaining ***Barker*** factors. ***Id***. Because Appellant has not met his burden, we cannot conclude that the trial court abused its discretion. Appellant's fourth issue is overruled.

**DISPOSITION**

Having overruled Appellant's first, second, third, and fourth issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 24, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 24, 2017

NO. 12-16-00039-CR

**JUAN LOPEZ-FLORES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Criminal Court No. 4

of Dallas County, Texas (Tr.Ct.No. MA-1555247-E)

        THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

        It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

        James T. Worthen, Chief Justice.
        *Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*