

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00027-CR

MICHAEL THOMAS PAUL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 187th District Court
Bexar County, Texas[1]
Trial Court No. 2018CR1068, Honorable Joey Contreras, Presiding

April 14, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Following a bench trial, Michael Thomas Paul, appellant, was found guilty of the offense of impersonating a public servant, a third-degree felony.[2] The trial court sentenced appellant to confinement in the Texas Department of Criminal Justice for two

---

[1] By order of the Texas Supreme Court, this appeal was transferred to this Court from the Fourth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] TEX. PENAL CODE ANN. § 37.11(a)(1) (West Supp. 2019). During the 2019 legislative session, the Texas Legislature amended section 37.11(a)(1). *See* Acts 2019, 86th Leg., R.S., ch. 243, § 1, 2019 Tex. Gen. Laws 243, 243 (effective September 1, 2019). This amendment does not substantively affect our analysis in this case.

years, suspended the sentence, and placed appellant on probation for three years. Appellant appeals the judgment, asserting the evidence is insufficient to support the trial court's judgment. We affirm.

## Background

In September of 2017, while on patrol, San Antonio Police Officer Daniel Rickel was sitting in his vehicle at a red light. As the light turned green, Officer Rickel heard an emergency siren and noticed the traffic was not moving. At first, Officer Rickel did not see an emergency vehicle, but he soon noticed vehicular traffic moving to the side of the road. He then saw a white Kia Rio go through the intersection with flashing white lights and a siren. The white lights were mounted in the center of the dash. There were no lights on the top of the vehicle. According to Officer Rickel, "It didn't appear to be an emergency vehicle whatsoever. That is not the manner in which an emergency vehicle looks and/or operates, with just one light."

As Officer Rickel followed the Kia, it was "cutting in and out of the lanes of traffic." He noticed several vehicles yielding to the lights and siren. Once Officer Rickel was close enough to get the license plate, he initiated a traffic stop because the Kia did not appear to be a legitimate emergency vehicle. The traffic stop occurred in Bexar County, approximately 100 yards from the Comal County line.

Appellant, the driver of the Kia, told the officer that he was responding to an "emergency call in Comal County." At that time, appellant did not provide any specific information other than "he was heading to a medical call." When Officer Rickel asked appellant for documentation to substantiate his authority to operate the vehicle with his

2

siren activated, appellant handed him a "stack of paperwork that said that this was his authority." The paperwork included portions of the transportation code, and a purported order of dismissal from municipal court for the city of San Antonio. Based on this paperwork, Officer Rickels arrested appellant for the offense of impersonating a public servant.

Scott Paul, the brother of appellant, is employed by the Bexar County Fire Marshall's Office as an emergency management coordinator. He manages five volunteer programs including the Community Emergency Response Team (C.E.R.T.).[3] He testified that his brother organized a neighborhood association C.E.R.T. but that "it was not affiliated with any jurisdictional department or organization within Comal County."[4] An unaffiliated C.E.R.T., such as the one that appellant established, is not authorized to operate outside the immediate surrounding neighborhood community. He further testified that it was "not normal" for C.E.R.T. members of such neighborhood-association organizations to have emergency lights and sirens on their vehicles, and that the practice is "discouraged" because they are not first responders. He also explained that C.E.R.T. members are not dispatched to emergency calls unless activated by an emergency-operations-authority request for assistance.

---

[3] Scott Paul testified that a C.E.R.T. is a group of community individuals who have received training sponsored by the Federal Emergency Management Agency (FEMA). The C.E.R.T. program is designed to give community members the ability to act in a limited fashion in the same ways that first responders would act prior to first responders arriving on an accident scene. A C.E.R.T. team activates to respond to situations such as natural disasters, automobile accidents, and house fires.

[4] There are two types of C.E.R.T. teams. There are C.E.R.T. teams that are affiliated with first responder organizations, fire departments, police departments, EMS, and emergency management offices at the jurisdictional level. There are also unaffiliated teams that are neighborhood associations. Appellant is the president and founding member of the Garden Ridge/Natural Bridge C.E.R.T.

Appellant represented himself at trial.  He introduced two exhibits, a document entitled "Dismissal After Motion by Prosecutor,"[5] and "his credentials": a "C.E.R.T. Community Emergency Response Unit ID Badge + Wallet ID Card" in the name of Michael T. Paul, emergency responder.

The trial court found appellant guilty of impersonating a public servant.  The trial court sentenced appellant to two years in prison, suspended the sentence, and placed appellant on probation for three years.  Appellant timely appealed the resulting judgment.

## Standard of Review

In a single issue, appellant argues that the evidence was insufficient to support his conviction for impersonation of a public servant.  The standard that we apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  Under that standard, when assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).  The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and we will not usurp this role by substituting our judgment for

---

[5] The dismissal appears to be from the municipal court in San Antonio concerning a flashing lights violation on August 11, 2017.

4

that of the jury.  *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).  The sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge.  *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

Analysis

Section 37.11(a)(1) of the Penal Code provides that a person commits an offense if he "impersonates a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts."  TEX. PENAL CODE ANN. § 37.11(a)(1).  "'Public servant' means a person elected, selected, appointed, employed, or otherwise designated as . . . an officer, employee, or agent of government . . . ." § 1.07(a)(41)(A) (West Supp. 2019).

> "As written, section 37.11(a)(1) breaks down into two components, a culpable act component (*actus reus*) and a culpable mental state component (*mens rea*).  It is essentially a nature-of-conduct offense with an accompanying specific intent.  The State must prove both the conduct (impersonation) and the specific intent (to induce another to submit or rely) for there to be a violation under [s]ection 37.11(a)(1)."

*Cornwell v. State*, 471 S.W.3d 458, 464 (Tex. Crim. App. 2015).  The general purpose of section 37.11 is to protect the public from being "placed at risk of submitting to the pretended authority of an individual impersonating an agent of a 'government unit'. . . ." *Rice v. State,* 195 S.W.3d 876, 881 (Tex. App.—Dallas 2006, pet. ref'd).

In the present case, the indictment charged that appellant "impersonate[d] a public servant, namely: an emergency medical technician and emergency first responder with intent to induce Daniel Rickels to submit to the pretended official authority of [appellant]

5

or to rely on the pretended official acts of [appellant] by operating a motor vehicle with emergency lights and emergency sirens and stating that he was an emergency medical services technician and an emergency first responder."

Appellant contends that he is a public servant, a volunteer fire fighter, as a member of his neighborhood C.E.R.T., which allows him to use sirens and lights on his vehicle when responding to emergency medical calls. As such, appellant asserts that he did not pretend official authority—he had the actual authority under his C.E.R.T. to "self-activate" as a volunteer fireman and first emergency medical responder. We find no merit in appellant's contention.

There was no evidence presented at trial that established that appellant was a volunteer fire fighter. While there was testimony that appellant was a member of a neighborhood C.E.R.T., membership in a C.E.R.T. does not grant a member "public servant" status or the responsibilities of a public servant. Scott Paul, the brother of appellant, testified that appellant was only authorized to act within the geographical area of his C.E.R.T. neighborhood association, which was located in Comal County. Appellant offered no testimony to contradict the testimony of Scott Paul that C.E.R.T. members are not first responders. In addition, there was no evidence in the record that either Bexar County or Comal County requested that appellant respond to an emergency on the day in question.

The evidence showed that appellant was driving his Kia automobile equipped with an emergency siren, white lights mounted on the dash, and a Bexar County fire search and rescue decal on the windshield. Motorists in the vicinity of appellant's vehicle yielded

6

to the siren, as did arresting Officer Rickels. When Officer Rickels asked appellant if there was a reason that he was "running with a siren on," appellant responded, he was "headed to a medical call in Comal County." Appellant's repeated claims during the traffic stop that he was headed to a medical call and his attempt to substantiate his authority as an emergency first responder, coupled with the emergency response decal and emergency accessories on his vehicle, are sufficient to show his impersonation of a public servant. Appellant's sole issue is overruled.

## Conclusion

We overrule appellant's sole issue and affirm the trial court's judgment.


Judy C. Parker
Justice

Do not publish.