# NO. 12-22-00048-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRAVIS MICHAEL TORGERSON,* *APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Travis Michael Torgerson appeals his conviction for impersonating a public servant. In one issue, Appellant argues that the evidence is insufficient to support the trial court's judgment. We affirm.

## BACKGROUND

Appellant was charged by separate indictments with three counts of impersonating a public servant[1] and pleaded "not guilty." The matter proceeded to a jury trial. The jury found Appellant "guilty" as charged and, following a trial on punishment, assessed his punishment at imprisonment for six years. The trial court sentenced Appellant accordingly, and this appeal followed.

## EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the evidence is legally insufficient to support the trial court's judgment.

---

[1] Only one count of impersonating a public servant is the subject of this appeal.

## Standard of Review

The ***Jackson v. Virginia***[2] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. ***Id.*** at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. ***Id.*** An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. ***Id.*** at 16.

---

[2] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**Discussion**

To satisfy its burden of proof that Appellant committed the offense of impersonating a public servant as charged in the indictment, the State was required to prove beyond a reasonable doubt that Appellant impersonated a public servant with intent to induce B. Hillhouse either to submit to Appellant's pretended official authority or to rely on his pretended official acts. *See* TEX. PENAL CODE ANN. § 37.11(a)(1) (West Supp. 2022).

The record reflects that Appellant was arrested on separate charges for impersonating a public servant to several members of the public at large.[3] Thereafter, on August 9, 2021, while he was in jail, Appellant sent two written requests to Henderson County Sherriff Botie Hillhouse. In his first request, Appellant stated, "U ARRESTED A GOVERNORED STATE/FEDERAL EMPLOYEE 125-4 LEE/RAMBO AN CHARGED AS INPERONATING AN OFFICER WITH A UNIDENTIFIED METAL STAR/BADGE." Hillhouse responded, "This is not a request." Approximately one hour later, Appellant sent a second request, in which he stated, "I REQUEST TO B RELEASED AS IM A GOVERNORD STATE/FEDERAL BODY 125-4 LEE/RAMBO[.]"

*Impersonation*

Appellant first argues that these requests do not support the element that he impersonated a public servant. More specifically, Appellant contends that he did not hold himself out to be anything other than what he thought he was, a confidential informant. A public servant is "an officer, employee, or agent of government." TEX. PENAL CODE ANN. § 1.07(a)(41)(A) (West 2021); *Rice v. State*, 195 S.W.3d 876, 881 (Tex. App.–Dallas 2006, pet. ref'd). "Government" means "the state[,]" which is defined as "a body politic organized for civil rule and government,"

---

[3] The evidence showed that Appellant portrayed himself to be a police officer to certain people in Henderson County, Texas. One person reported that Appellant had a badge and a gun and identified himself as a police officer. Another described Appellant as displaying a badge the way a police officer would. Appellant was arrested, and officers discovered in Appellant's vehicle numerous hats with the words "Police" or "FBI" on them, handcuffs, and a realistic-looking, replica pistol.

a "political organization that has supreme civil authority and political power and serves as the basis of government," or "any of the bodies politic or political units that together make up a federal union, as in the United States of America." TEX. PENAL CODE ANN. § 1.07(a)(24)(A); *Rice*, 195 S.W.3d at 881. Thus, a person commits an offense if he impersonates an officer, employee, or agent of a political body, organization, or unit organized for civil rule and government. *Rice*, 195 S.W.3d at 881.

Here, the record reflects that Appellant previously sought to become a confidential informant. However, the evidence further indicates that while Appellant may have reached the point in the process of choosing an alias and being assigned a number, he had not completed the process of becoming a confidential informant. Moreover, in his first request, Appellant specifically stated that he was a state or federal employee. He reiterated the gist of this statement in his second request. Thus, even if Appellant was, in fact, a confidential informant, he nonetheless represented that he was a state or federal employee who had a badge when he was arrested. Hillhouse explained in his testimony that Appellant neither is a peace officer nor a state or federal agent. He further explained that confidential informants are private citizens, not police officers.

### Intent to Induce to Submit to Authority

Appellant next argues that there is insufficient evidence that, by his requests, he intended to induce Hillhouse to submit to his pretended official authority or to rely on his pretended official acts.[4] To meet this element, the actor need not succeed in inducing anyone to submit to his assumed authority; all that is required is the impersonation and the intent. *See Dietz v. State*, 62 S.W.3d 335, 340 (Tex. App.–Austin 2001, pet. ref'd). As set forth above, in his first request, Appellant identified himself as a state/federal employee. In his second request, he reiterated this state/federal descriptor and requested that Hillhouse release him from jail on the basis of that status. Hillhouse testified that when Appellant sent those requests, he was portraying himself to be a federal agent and implying that he needed to be released from custody on that basis. Moreover, the evidence indicates that prior to his arrest, Appellant held himself out to certain members of the community as a person acting in a law enforcement capacity. Hillhouse testified

---

[4] In support of his argument, Appellant cites to *Cornwell v. State*, 471 S.W.3d 458, 462–65 (Tex. Crim. App. 2015). In *Cornwell*, the court considered the concept of "pretended official acts" upon which the appellant induced another to rely. *See id.* However, the court did not discuss the alternative element of an appellant's intent to induce another to submit to his pretended official authority. *See* TEX. PENAL CODE ANN. §. 37.11(a)(1) (West Supp. 2021).

that he was aware of the charges which resulted in Appellant's confinement in jail. As a result, the jury reasonably could find that Appellant knew Hillhouse was aware that he portrayed himself as a law enforcement officer and might have doubts as to whether Appellant was, in fact, a law enforcement officer. As a result, it further could find that Appellant conveyed the message to Hillhouse that he was a federal/state employee, who had a badge when he was arrested, and did so in order to perpetuate his contrived persona with Hillhouse so that Hillhouse would believe Appellant's statement, submit to his authority, and help to secure his release from jail. Therefore, Appellant's general statement of status in his requests, when considered in light of Hillhouse's knowledge of the charges against Appellant, could be construed as a request to be released from jail made with the intent to convey his authority as a person acting in a law enforcement capacity.

We have considered the aforementioned evidence and the record as a whole in the light most favorable to the jury's verdict. Having done so, we conclude that the jury reasonably could determine beyond a reasonable doubt that Appellant, through these requests and based on his knowledge of Hillhouse's observations of his actions, impersonated a state/federal employee in some purported law enforcement role with the intent to induce Hillhouse to submit to this pretended authority by releasing him from jail. *See* TEX. PENAL CODE ANN. § 37.11(a)(1); *Rice*, 195 S.W.3d at 881; *Dietz*, 62 S.W.3d at 340. Accordingly, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00048-CR**

**TRAVIS MICHAEL TORGERSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR21-1091-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*